UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID LEWIS<br>2218 Waller Street<br>Portsmouth, Ohio 45662 2967___ | :<br>:<br>: | Case No. _____<br><br>Judge _____ |
| v. | : | |
| U.S. Bank, N.A.<br>800 Nicollett Mall<br>Minneapolis, Minnesota 55402 | :<br>:<br>: | **COMPLAINT** |
| | : | and |
| STATUTORY AGENT:<br>   CT Corporation System<br>   4400 Easton Commons Way<br>   Suite 125<br>   Columbus, Ohio 43219 | :<br>:<br>:<br>:<br>: | **JURY DEMAND** |
| Cardmember Service<br>P.O. Box 6335<br>Fargo, North Dakota 58125-6335 | :<br>:<br>: | |

## **THE PARTIES**

1. Plaintiff, David Lewis, is a natural person residing in Portsmouth, Scioto County, Ohio.

2. Defendant, U.S. Bank, N.A. (Bank) is a corporation domiciled in Minneapolis and conducting business in this State and currently at 425 Walnut Street, Cincinnati, Ohio and in St. Louis, Missouri at P.O. Box 1081, St. Louis, Missouri 63166 and P.O. Box 6355, Fargo, ND 58125-6355.

1

3. Defendant Cardmember Service is an unregistered fictitious entity utilized by the office of the President of Defendant Bank, which was purportedly engaged in the investigation of the claims made by the Plaintiff hereinafter set forth.

## VENUE

4. Venue of this claim in this court is proper pursuant to Southern District of Ohio Civil Rules 82.1.

## JURISDICTION

5. Jurisdiction in this court is proper pursuant to 28 U.S.C. §1332 Diversity of Citizenship and arising under the laws of the United States 15 U.S.C. §1681

## OPERATIVE FACTS

6. On and after 2011, Plaintiff was a customer of Defendant bank transacting business in Portsmouth, Scioto County, Ohio under an account ending in aa68.

7. In 2014, one Craig Lewis, now deceased misused and abstracted funds from defendant Bank in an amount in excess of $8,000.00 using credit cards supplied by the bank.

8. Between October 2014, and before February 19, 2015 defendant Bank caused a replacement card for an account ending in zz12 to be mailed to Plaintiff's address without Plaintiff's knowledge or request. That said card was never delivered to Plaintiff or used by him.

9. Between February 19, 2015 and March 24, 2015, the card for account (zz12) was used 20 times without the Plaintiff's knowledge, consent, or authority to withdraw $4,769. from teller machines operated by the defendant bank.

10. Plaintiff promptly notified defendant of the unauthorized charges and Defendant issued a "provisional credit" removing the charges from account zz12

11. Defendant Bank then issued a replacement Card (xx57) which card was never received or used by Plaintiff upon which an additional $2,127 in unauthorized charges was made. Defendant Bank then issued credits reversing the $2,127 in charges to account xx57 and issued a new account number (yy32) to the Plaintiff.

12. Plaintiff did not request, authorize, or consent to the creation of this account (yy32)

13. Defendant Bank then reversed the provisional credit posted to account zz12 and charged account (yy32) with the $4,769 improperly withdrawn under account (zz12). Said charge was not authorized, requested, or consented to by the Plaintiff.

14. At no time has defendant Bank asserted any legally enforceable claim against the Plaintiff herein in any court.

## FIRST CLAIM FOR RELIEF
(Common Law Libel)

15. Plaintiff adopts as if fully rewritten herein all claims and allegations previously Plead.

16. Plaintiff states that the Defendants have falsely asserted and reported that he was legally liable to them for the sum of $5,600. as a result of these transactions and that he has failed to satisfy that liability.

17. Plaintiff states that the conduct of each defendant was willful and in reckless disregard of the Plaintiff's rights. Said conduct further failed to determine how and why the Defendant U, S. Bank issued the card used to commit the unauthorized withdrawals without appropriate security precautions in light of the previous known misuse of cards by persons other than the Plaintiff

18. Despite the absence of any legally enforceable claim against Plaintiff or any attempt to establish Plaintiff's liability to Defendant; Defendant Bank and its agents operating under the style Cardmember Services have falsely and inaccurately reported as recently as May 2020 and as early as March 2019 to numerous Credit Reporting Agencies including but not limited to Experian, Equifax and Transunion that Plaintiff owes them the sum of $5,600 which is past due and further reports that the liability has been charged off by them.

19. That negative reporting is libelous per se as it damages the Plaintiff in his financial affairs and in more particulars as further set forth herein.

20. Defendants' publication of the existence of an unpaid and charged off liability due them from the Plaintiff, is false, and libelous and was published with intent to

defame the Plaintiff and for the purpose of forcing the Plaintiff to pay sums to the Defendant Bank which he does not owe the Defendant.

21. Defendants false reporting of an unpaid balance due them from the Plaintiff has been republished numerous times within the year preceding the filing of this complaint.

22. Said false and inaccurate reporting has resulted in the denial of credit to the Plaintiff in 2020 for the purchase of appliances and the reopening of dormant accounts with previous credit grantors which he had paid in full and as agreed.

23. The aforesaid denial of credit has damaged the Plaintiff generally in his person to an amount in excess of $75,000.

24. The false and inaccurate reporting is an intentional, wanton and willful attempt to force Plaintiff to pay the Defendant Bank a sum for which he is not legally liable and is extortionate and has caused the Plaintiff mental anguish and distress to his damage in an amount in excess of $50,000.

25. The false and inaccurate reporting of the claimed liability is the result of a negligent investigation into the merits of Plaintiff's dispute by or on behalf of Defendant Cardmember Service as agent for defendant Bank and a reckless disregard for the law on the part of Defendants Bank and Cardmember and or their agents and their bad faith in the pursuit of the ulterior motive of securing payment from the Plaintiff of a sum for which he is not legally liable.

26. Said conduct displays an intentional and wanton indifference to the Plaintiff's rights entitling the Plaintiff to Punitive damages and attorney fees

27. On or about August 10, 2015, an agent of Defendant, Cardmember and or Bank identifying himself as Jason, called the Plaintiff seeking to collect its balance claimed to be due from Plaintiff stating, "we know your son stole money – you are responsible for it." Said statement demonstrated willful and malicious intent to cause Plaintiff to pay the amounts stolen from the bank for which he was not liable.

28. On or about March 9, 2016, one Michelle Franck describing herself as a representative of Defendant bank and doing business under the style Card Member Services, referred Plaintiff to the Recovery department to investigate payment options after declining to delete this matter from Bank's reporting of Mr. Lewis' dealing with the Bank.

29. On April 28, 2016, the same person reported that the account was reported as disputed but that the balance would not be altered.

30. Subsequently, she was requested to produce contractual authority supporting this claim and has failed to provide it.

31. Said conduct and failure further demonstrate the lack of good faith in the Defendant's dealing with the Plaintiff and the wanton, willful and extortionate nature of the conduct of the Bank and Cardmember services.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§1681 (s, n,o)

Plaintiff adopts as if fully rewritten herein all claims and allegations previously plead.

32. Plaintiff further states that both Defendants are credit information furnishers and furnished credit information to credit reporting agencies including but not limited to. Experian, Equifax and Transunion and others unknown to Plaintiff to the effect that Plaintiff owes them the sum of $5,600 which is past due and further reports that the liability has been charged off by them.

33. That negative reporting is libelous per se as it damages the Plaintiff in his financial affairs and in more particulars as further set forth herein and both Defendants violated 15 U.S.C. §1681 S-2b in the following respects.

34. The defendants failed to conduct a reasonable investigation after Plaintiff gave them notice of the dispute. Defendants further required Plaintiff to demonstrate that a criminal prosecution had been instituted against Craig Lewis for the disputed charges at a time when the prosecutor of Scioto County was the law enforcement official empowered to initiate criminal proceedings and the defendant U.S. Bank was the owner of the cash improperly withdrawn from its teller machines.

35. Defendant improperly relied upon the lack of active criminal prosecution in order to continue its false reporting and deny the Plaintiff's dispute. Said conduct violated 15 U.S.C. §1681s-2(b)

36. Plaintiff states that the conduct of the Defendant was a willful action motivated by the ulterior purpose of securing payment of the disputed charges by the Plaintiff despite the absence of liability on his part.

**WHEREFORE PLAINTIFF DEMANDS THAT JUDGMENT BE ENTERED AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY**

In the amount of $125,000. As compensatory damages

For Punitive damages as determined by the court,

For Attorney fees and his costs herein

That the Defendants be ordered to advise any and all Credit Reporting Agencies that the report of this claimed liability previously filed is erroneous and unfounded and should be deleted and withdrawn

Respectfully submitted,

Albert T. Brown, Jr. (#0015355)
13 East Court Street, 4th Floor
Cincinnati, Ohio 45202
Phone: 513-621-2825
Fax: 513-621-2823
atbjr@fuse.net

8

## JURY DEMAND

Comes now Plaintiff through counsel and demands that all issues raised herein be tried by a jury.

_____
Albert T. Brown, Jr.